ACCEPTED
06-16-00025-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/6/2016 2:41:01 PM
DEBBIE AUTREY
CLERK

Appellate Cause No. 06-16-00025-CV

_____

IN THE COURT OF APPEALS

FOR THE

SIXTH DISTRICT OF TEXAS

TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/6/2016 2:41:01 PM

DEBBIE AUTREY
Clerk

_____

SHERRY McGALLIARD

V.

KATHRYN HILL

_____

On appeal from the 40th District Court of Ellis County, Texas
Trial Cause No. 88284

_____

**<u>BRIEF OF APPELLANT</u>**

_____

Justin H. Anderson
State Bar No. 24066563
Law Office of Justin H. Anderson
100 N. Sixth Street, Suite 902
Waco, Texas 76701
***Attorney for Sherry McGalliard***

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as names and addresses of all trial and appellate counsel.

| PARTIES | COUNSEL |
|---|---|
| Plaintiff: | |
| Kathryn Hill | Amy Ganci<br>Ganci, L.L.P.<br>3811 Turtle Creek Blvd., Suite 800<br>Dallas, Texas 75219 |
| Defendant: | |
| Sherry McGalliard | Justin H. Anderson<br>Law Office of Justin H. Anderson<br>100 N. Sixth Street, Suite 902<br>Waco, Texas 76701 |

TABLE OF CONTENTS

Identity of Parties and Counsel ………………………………………….. ii

Index of Authorities ………………………………………….…… v

Statement of the Case …………………………………………… vii

Statement Regarding Oral Argument …………………………………viii

Issues Presented ………………………………………………...ix

Statement of Facts …………………………………………………1

Summary of the Argument ………………………………………...3

Argument and Authorities …………………………………………...5

I.      Issue Number One: *The trial court abused its discretion
        by failing to postpone the December 15, 2015 hearing on
        Appellee's Motion for Summary Judgment.* ………………….……..5

II.     Issue Number Two: *The trial court erred in granting
        Dan Gus' motion to withdraw six days prior to the
        summary judgment hearing.* …………………………………........... 10

        A.      *The trial court's granting of Dan Gus' motion to
                withdraw – which did not comply with Rule 10 –
                was an abuse of discretion which was harmful
                to Appellant.* ………………………………………….. 10

        B.      *The trial court's grant of Mr. Gus' motion to withdraw
                was an abuse of discretion because the court failed to
                ensure that Dan Gus took steps to prevent foreseeable
                prejudice to the rights of his client.* …………………………12

III.    Issue Number Three: *The trial court erred in granting
        Appellee's Motion for Summary Judgment because Appellee
        failed to satisfy her summary judgment burden since certain
        key statements contained in the declarations of Kathryn Hill*

*and Dr. Kenton Arnold are hearsay, conclusory, unsupported by evidence, and should have been disregarded by the trial court.* …………………………………………………………… 13

IV.    <u>Issue Number Four</u>: *The trial court erred in not granting Appellant's motion for continuance of the January 4, 2016 hearing.* …………………………………………………… 17

Prayer ………………………………………………………… 20

Certificate of Service ………………………………………… 20

Certificate of Compliance with Rule 9.4(i) …………………….….. 21

# INDEX OF AUTHORITIES

## CASES

*Amedisys, Inc. v. Kingwood Home Health Care, LLC*,
  437 S.W.3d 507 (Tex. 2013) ……………...…………….…………...... 13

*Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999) ….………………….....….…14, 17

*City of San Antonio v. Pollock*, 284 S.W.3d 809 (Tex. 2009) ……………… 14, 16

*Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*,
  136 S.W.3d 227 (Tex. 2004) …………….……………………………… 14, 17

*Computize, Inc. v. NHS Communs. Group, Inc.*, 992 S.W.2d 608
  (Tex. App.—Texarkana, 1999, no pet.) ……………………………. 5, 17

*Elizondo v. Krist*, 415 S.W.3d 259 (Tex. 2013) ……………………………. 14, 16

*Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713
  (Tex. 1998) …………………………………………………..14, 16, 17

*In the Interest of P.M.*, 59 Tex. Sup. Ct. J. 582, 2016 Tex. LEXIS
  236 (Tex. April 1, 2016) (per curium) ………………………….....…….. 13

*Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656 (Tex. 1995) …………... 15

*McIntyre v. Ramirez*, 109 S.W.3d 741 (Tex. 2003) ……………………….. 14, 17

*State v. Crank*, 666 S.W.2d 91 (Tex. 1984) …………………………….……… 5

*Thompson v. Thompson*, 387 S.W.3d 769 (Tex.App.—El Paso
  2012, no pet.) ……………………………………………………… 9

*Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986) …………………......5, 12, 13, 17

*Williams v. Bank One, Texas, N.A.*, 15 S.W.3d 110
  (Tex.App.—Waco, no pet.) ………………………………………......10, 11

TEXAS CONSITITUTION, STATUTES, AND RULES

Tex. R. Civ. P. 10 …………………………………………......….. 3, 9, 10, 11

Tex. R. Civ. P. 166a(c) ……………………………………………6, 13, 14, 15

Tex. R. Civ. P. 253 ……………………………………………………... 5, 9

# STATEMENT OF THE CASE

Kathryn Hill originally brought this action against Sherry McGalliard on October 21, 2013. (C.R. 7). Hill sued McGalliard for breach of contract, gross negligence, declaratory judgment, and fraud arising from the lease of a mare. (C.R. 78). McGalliard counterclaimed for breach of contract. (C.R. 29). On December 15, 2015, six days after McGalliard's attorney withdrew, (C.R. 91). the trial court granted partial summary judgment in favor of Hill for $25,000.00 on her breach of contract claim and ordered that McGalliard take nothing. The court set the issue of attorney's fees for a January 4, 2016 hearing. (C.R. 93). On December 29, 2015, McGalliard, still pro se, filed a motion for continuance. (C.R. 94). On January 4, 2016 the trial court denied the motion for continuance and awarded attorney's fees of $23,000.00 and pre-judgment interest in the amount of $2,500.00. (C.R. 98). On February 2, 2016, McGalliard, through new counsel, filed a motion for new trial. (C.R. 101). That motion was overruled on February 19, 2016. (C.R. 112). McGalliard timely perfected this appeal on April 1, 2016. (C.R. 114).

# STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

# ISSUES PRESENTED

## Issue Number One

Whether the trial court erred in proceeding with the summary judgment hearing on December 15, 2015 because Appellant was afforded no opportunity to file a timely pro se response.

## Issue Number Two

Whether the trial court's granting the withdrawal of Appellant's attorney, Dan Gus, was an abuse of discretion which was harmful to Appellant.

## Issue Number Three

Whether the trial court erred in granting Appellee's Motion for Summary judgment because Appellee failed to satisfy her summary judgment burden since certain key statements contained in the declarations of Kathryn Hill and Dr. Kenton Arnold are conclusory, unsupported by evidence, and should have been disregarded by the trial court.

## Issue Number Four

Whether the trial court erred in not granting Appellant's Motion for Continuance as to the January 4, 2016 hearing.

## STATEMENT OF FACTS

In November 2011, Appellant and Appellee entered into a written broodmare lease agreement (the "Lease") which Appellee leased a 2007 Andalusian mare named Gabacha (the "Horse") to Appellant. (C.R. 32). Appellee believed that the Horse became lame in the Appellant's care, and Appellee sued Appellant in October 2013 for breach of the Lease. (C.R. 33, 7). Appellant answered and counterclaimed in November 2013 by and through her then attorney of record, Dan Gus. (C.R. 25). On January 6, 2015 Appellee filed Plaintiff's Motion for Summary Judgment and sought to enforce a liquidated damages clause in the Lease. (C.R. 31). That clause read:

> **6.3.2 Disability.** Lessee and Mare Owner agree that Mare's fair market value is dependent on her soundness, breeding soundness and general good condition. If, at the end of the term of this Agreement, Mare has any injury or condition that causes Mare to be unsuitable for breeding and the remainder of the full range of uses she was able to perform at the beginning of the term of this Agreement and a licensed veterinarian of Mare Owner's choice determines that such condition is likely to be permanent and not a result of heredity or old age, Lessee agrees to pay Mare Owner the following amount within 30 days of the end of the Lease term $25,000, or purchase Mare from Mare Owner at the fair market value specified in Section 2.

(C.R. 33).

Appellee moved for traditional summary judgment as to her breach of contract claim and a no-evidence summary judgment as to Appellant's counterclaim. (C.R. 32, 35). The motion for summary judgment hearing was

scheduled for December 15, 2015. (R.R., Vol. 2, p. 1). On November 24, 2015, Appellant's attorney, Dan Gus, filed a Motion to Withdraw as Counsel. (C.R. 89-90). On December 9, 2015, the trial court signed an order granting the motion to withdraw. (C.R. 91). On December 15, 2015, the summary judgment hearing was called and the parties announced ready and presented argument. (R.R., Vol. 2, p. 12). Appellant's attorney had not filed a written response to the motion for summary judgment, and Appellant did not file a response pro se. The Appellee's motion was supported by the unsworn declarations of Kathryn Hill and Kenton Arnold, DVM. (C.R. 32). Relying on the liquidated damages provision, the trial court granted the motion for summary judgment which ordered an award of $25,000.00 in favor of Appellee, it ordered that Appellant take nothing on her counterclaim, and it set the Appellee's claim for attorney's fees for trial for January 4, 2016. (C.R. 92-93). Appellant, still pro se, filed a verified Motion for Continuance on December 29, 2015 requesting additional time to retain another attorney. (C.R. 94-95). At the January 4, 2016 hearing the trial court heard Appellant's motion for continuance but did not grant it. (R.R., Vol. 3, p. 8). The case immediately proceeded to trial on the issue of Appellee's attorney's fees. The trial court rendered and signed a final judgment which – in addition to the relief previously ordered – awarded $23,000.00 in attorney's fees and $2,500.00 in prejudgment interest. (C.R. 98-99).

## SUMMARY OF THE ARGUMENT

<u>Issue Number One</u>: The trial court abused its discretion by failing to postpone the December 15, 2015 hearing on Appellee's Motion for Summary Judgment. When the trial court allowed Appellant's prior attorney, Dan Gus, to withdraw only six days prior to the summary judgment hearing, Appellant should have been afforded more time. The failure to do so under these circumstances constituted an abuse of discretion. The deadline for filing a response passed while Appellant was still represented by counsel. She was afforded little time to either hire a new attorney or prepare for a complicated and difficult hearing which the trial court described as "a very formal, very specific, very ridged (sic) process." Though she announced ready for the hearing, the trial court offered no admonishment on proceeding as a pro se party, and it did not make her aware that there was not a summary judgment response on file until long after the hearing commenced and that she would not be able to offer responsive evidence at the hearing.

<u>Issue Number Two</u>: The trial court should have postponed the summary judgment hearing and afforded more time for Appellant because the granting of the motion to withdraw was prejudicial to Appellant. Dan Gus' motion to withdraw did not comply with Rule 10 in a number of different ways. By granted a flawed motion to withdraw the trial court abused its discretion. It could have cured this error by

postponing the summary judgment hearing, but it failed to do so.  Moreover, the trial court, in granting the motion to withdraw, failed to ensure that Mr. Gus was taking reasonable steps to prevent foreseeable prejudice to Appellant.

Issue Number Three: Even despite the lack of a summary judgment response, the trial court erred in granting Appellee's motion for summary judgment because the Appellee presented no competent summary judgment evidence that the Horse's disability was not due to heredity or old age. Appellee only offered conclusory statements in this regard in her declaration and in the declaration of veterinarian, Dr. Kenton Arnold. An expert's conclusion must be supported by data.  A bare, baseless opinion should be disregarded. As such, the summary judgment burden should have never shifted to Appellant.

Issue Number Four: Appellant filed a verified motion for continuance on December 29, 2015 seeking to continue the January 4, 2016.  The trial court erred in denying Appellant's motion for continuance since Appellant was requesting additional time to retain a new attorney.

**ARGUMENT AND AUTHORITIES**

I.     Issue Number One: *The trial court abused its discretion by failing to postpone the December 15, 2015 hearing on Appellee's Motion for Summary Judgment.*

Because Appellant was not afforded an opportunity to file a timely pro se response to Appellee's Motion for Summary Judgment the trial court erred by not postponing the summary judgment hearing on December 15, 2015.

Regarding postponement, Rule 253 states:

> "Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record."

Tex. R. Civ. P. 253.

The right to counsel is a valuable right, and its unwarranted denial is reversible error. *State v. Crank*, 395 S.W.2d 91, 94 (Tex. 1984); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). When a trial court allows counsel to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate and prepare for trial. *Villegas v .Carter*, 711 S.W.2d at 626; *Computize, Inc. v. NHS Communs. Group, Inc.*, 992 S.W.2d 608, 613 (Tex. App.—Texarkana, 1999, no pet.).  The failure to do so is an abuse of discretion. *Villegas* at 626.

In this case, Appellant's attorney filed a Motion to Withdraw as Counsel on November 24, 2015.[1] (C.R. 89). The hearing on Appellee's motion for summary judgment was scheduled for December 15, 2015 which meant that Appellant's summary judgment response was due on or before December 8, 2015 pursuant to Texas Rule of Civil Procedure 166a(c). On December 8, 2015, Appellant was still represented by attorney Dan Gus. Mr. Gus' withdrawal from the case was granted the next day when the trial court signed an order to that effect. (C.R. 91). At the December 15, 2015 hearing on Appellee's motion for summary judgment, the Appellant had not filed a response to Appellee's motion. On the record, Appellant twice notified the trial court that she had not received the case file from her prior attorney. (R.R., Vol. 2, pp. 4, 5). Additionally, Appellant told the trial court that she was under the impression that Appellee's motion for summary judgment had been denied at a prior hearing.[2] (R.R., Vol. 2, p. 7, 10). The trial court did not admonish Appellant about the risks of appearing pro se, but simply confirmed that she was pro se and asked if she was prepared to go forward with the hearing in the following exchange:

| THE COURT: | Are you prepared to go forward with the summary judgment portion? |
|---|---|
| MS. McGALLIARD: | Yes. Yes, sir. |

[1] Appellant stated at the hearing that she was that her attorney was seeking to withdraw. (R.R., Vol. 2, pp. 4-5)

[2] Appellee's Motion for Summary Judgment hearing was previously scheduled for hearing on April 29, 2015, but was it continued upon request the of Appellant's attorney who had a conflict. (C.R. 6; R.R. Vol. 2, pp. 8-9).

THE COURT: Of course you're appearing pro se.

MS. McGALLIARD: That's right.

(R.R., Vol. 2, p. 12).

The court proceeded with the summary judgment hearing, first allowing Appellee's attorney to present oral argument. Once Appellee's attorney concluded her argument, the Court turned to Appellant and admonished her that there was no written response on file and no summary judgment evidence on file. The judge further stated:

> "What I would like to express or communicate, ma'am, is that summary judgment is a very formal, very specific, very ridged (sic) process, and this is unlike a jury trial. It is unlike a non-jury bench trial in that you do not get an opportunity to come forward, take the witness stand, be sworn in and present testimony. There's no cross-examination. It's not like a trial. It's a very specific, legal process that comes well before a jury or non-jury trial process."

(R.R., Vol. 2, p. 26).

The court invited Appellant to present a responsive argument, and she attempted to do so, but the trial court eventually concluded the hearing, and granted Appellee's motion for summary judgment in part.[3] The court awarded liquidated damages against the Appellant in the amount of $25,000.00 and ordered that Appellant take nothing on her counterclaim.

---

[3] The matter of attorney's fees was reserved for a separate hearing. The court ordered that hearing set for January 4, 2016. (C.R. 92-93).

Appellee will undoubtedly point to the language quoted above where Appellant answers that she is ready to go forward with summary judgment. However, Appellant was not aware of the summary judgment procedures. The court explained to Appellant that summary judgment is a "very formal, very specific, very ridged (sic) process ... a very specific, legal process" but this explanation was provided long *after* the court elicited Appellant's permission to proceed.[4] Moreover, the intricacies of a summary judgment hearing – especially where the non-movant has not filed a response – are evident from the record because the trial court had to repeatedly admonish Appellant.[5]

---

[4] According to the reporter's record, 32 minutes of hearing elapsed before the court admonished Appellee regarding the lack of a response and the challenge of the summary judgment process.

[5] The trial made the following statements to Appellant during the hearing:

"Ms. McGalliard, I believe one of the challenges that you face here for purposes of summary judgment hearing is that you do not have on file any type of written response, and you do not have on file, that I can see, any summary judgment evidence. So, for example, you have no affidavits on file." (R.R., Vol. 2, p. 25).

"Ma'am, it is your responsibility to present summary judgment evidence to me." (R.R., Vol. 2, p. 28).

"And, ma'am, that may or may not be true, but I can only go on the summary judgment evidence that's presented to me here this morning. Again, your discussion or talking here in open court, it's not sworn testimony. It's simply argument." (R.R., Vol. 2, p. 29).

"For me to evaluate and weigh the evidence, I have to have the evidence in summary judgment form, which is generally affidavits, depositions, and various other documents in summary judgment form." (R.R., Vol. 2, p. 30).

"And, Ms. McGalliard, this information could be relevant, it could be important to this hearing, but do you have what you just said in summary judgment form and summary judgment evidence?" (R.R., Vol. 2, p. 31).

"You understand, ma'am, in this hearing I'm bound by summary judgment evidence, affidavits from you and others, affidavits from experts." (R.R., Vol. 2, p. 31).

Ultimately, the grant of summary judgment against the Appellant was fundamentally unfair. It was Appellant's attorney of record, Dan Gus, who failed to file a timely summary judgment response, yet it was Appellant herself who appeared at the hearing alone and had to (unsuccessfully) defend that untenable position he created. The six days (and merely four business days) between the withdrawal and the summary judgment hearing afforded Appellant virtually no time to meet with and retain new counsel.[6] Rule 253 affords the trial court the discretion to postpone a hearing "upon cause shown or upon matters within the knowledge or information of the judge." Here, there was an abundance of good cause at the judge's disposal and the relevant matters were within his knowledge. In particular, the court was aware that:

- Dan Gus' withdrawal was granted only six days prior to hearing (C.R. 91);
- on the date the summary judgment response was due, Dan Gus was still Appellant's attorney of record (C.R. 91);
- Appellant first learned that the withdraw was granted at the summary judgment hearing (R.R., Vol. 2, pp. 4-5);
- Appellant did not know that the motion for summary judgment was still pending (R.R., Vol. 2, pp. 7);
- Appellant had not received the case file from Mr. Gus (R.R., Vol. 2, pp. 4, 5).

---

[6] As mentioned previously, Appellant acknowledged that she was aware that Mr. Gus was attempting to withdraw from the case, but there is nothing in the record to show exactly when she learned of his motion to withdraw. *See Thompson v. Thompson*, 387 S.W.3d 769, 771 (Tex.App.—El Paso 2012, no pet.) (the date a motion to withdraw is filed is immaterial if the record does not reflect the date the client *knew* that the motion had been filed); *see also* Tex. R. Civ. P. 10 (requiring service of a motion to withdraw be served on the client by either personally delivery or regular and certified mail).

As a result Appellant was effectively denied the right to counsel because the court afforded no additional time for her to seek to hire another attorney. Because of the timing of the order granting the withdrawal and the trial court's failure to postpone the summary judgment hearing, the six days was simply not enough time for Appellant to retain new counsel.

II.     Issue Number Two: *The trial court erred in granting Dan Gus' motion to withdraw six days prior to the summary judgment hearing.*

   A.     *The trial court's granting of Dan Gus' motion to withdraw – which did not comply with Rule 10 - was an abuse of discretion which was harmful to Appellant.*

   Rule 10 of the Texas Rules of Civil Procedure provides in relevant part:

   "An attorney may withdraw from representing a party only upon written motion for good cause shown. … If another attorney is not to be substituted as attorney for the party, the motion shall state: that a copy of the motion has been delivered to the party; that the party has been notified in writing of his right to object to the motion; whether the party consents to the motion; the party's last known address and all pending settings and deadlines. … Notice or delivery to a party shall be either made to the party in person or mailed to the party's last known address by both certified and regular first class mail…."

Tex. R. Civ. P. 10.

The requirements of Rule 10 are mandatory. A trial court abuses its discretion if it grants a motion to withdraw that does not comply with Rule 10. *Williams v. Bank One, Texas, N.A.*, 15 S.W.3d 110, 113-114 (Tex.App.—Waco, no pet.). However, the error is harmless if the trial court affords the party additional time to secure new counsel. *Id*.

Dan Gus' motion to withdraw does not comply with Rule 10 in at least four ways.  Specifically:

1) It fails to state that a copy of the motion has been delivered to the party.
2) It fails to state that the client has been notified in writing of her right to object to the motion.
3) It does not state whether or not Appellant consented to the motion.
4) There is no indication from the certificate of service (or elsewhere in the clerk's record) that a copy of the motion was delivered to Appellant either "in person or mailed to [Appellant's] last known address by both certified and regular first class mail."

(C.R. 89).

Despite these deficiencies in Mr. Gus' motion,[7] the trial court granted the withdrawal.  This is axiomatically an abuse of discretion. This error, however, would have been harmless if the court had afforded Appellant additional time to retain counsel and prepare for the summary judgment hearing. For example, in *Williams v. Bank One, Texas, N.A.*, the trial court granted Ms. Williams' attorney's motion to withdraw six days after Bank One filed a motion for summary judgment. The motion to withdraw failed to state that Ms. Williams had a right to object to the motion.  The appellate court concluded that the granting of the motion was an abuse of discretion, but because the court afforded Ms. Williams an additional 42

---

[7] At the December 15, 2015 summary judgment hearing, the judge referred to "an agreed motion to withdraw as attorney of record." (R.R., Vol. 2, p. 4). This should not be misconstrued as Appellant's agreement to the withdrawal.  Instead, Appellee did not object to the withdrawal according to the certificate of conference attached to the motion. (C.R. 90). There is nothing on the motion to withdraw or subsequent order evidencing Appellant's knowledge or agreement.

days to secure a new attorney, the error was harmless. 15 S.W.3d 110, 113-114 (Tex.App.—Waco, no pet.).

Here, because the withdrawal was granted six days prior to the summary judgment hearing, and because the trial court did not afford additional time for Appellant to secure new counsel, the trial court's granting of the motion to withdraw was an abuse of discretion and such error was harmful to Appellant.

B.     *The trial court's grant of Mr. Gus' motion to withdraw was an abuse of discretion because the court failed to ensure that Dan Gus took steps to prevent foreseeable prejudice to the rights of his client.*

Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility to ensure that the lawyer has taken reasonable steps to avoid foreseeable prejudice to the rights of his client. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). Here, there is no evidence that the trial court took any action to ensure that Mr. Gus took reasonable steps to avoid foreseeable prejudice to the rights of Appellant. Mr. Gus' motion (filed November 24, 2015) states generally that Appellant was advised of any deadlines and hearing dates in connection with this matter. (C.R. 89). When the motion to withdraw was considered by the trial court the day after the summary judgment response deadline, it should have been foreseeable that a pro se defendant might be unaware that summary judgment is a "very formal, very specific, very ridged (sic) process." Pursuant to the Supreme Court's

directive in the *Villegas* case,[8] rather than simply sign the order granting withdraw, the court should have either signed the order, but postponed the summary judgment hearing date, or refused to sign the order until it received assurances from Mr. Gus that Appellant had been made aware of the complications looming because of (1) the absence of a summary judgment response, and (2) the very limited amount of time remaining prior the hearing.

III.   <u>Issue Number Three</u>: *The trial court erred in granting Appellee's Motion for Summary Judgment because Appellee failed to satisfy her summary judgment burden since certain key statements contained in the declarations of Kathryn Hill and Dr. Kenton Arnold are hearsay, conclusory, unsupported by evidence, and should have been disregarded by the trial court.*

To prevail on a motion for traditional summary judgment as a matter of law, the movant must offer admissible evidence proving that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response to the motion. Tex. R. Civ. P. 166a(c); *see, e.g.*, *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2013) (when movant meets its burden of establishing each element of claim or defense on which it seeks

---

[8] The Supreme Court of Texas recently reaffirmed this directive and stated it more succinctly: "Courts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client." *In the Interest of P.M.*, 59 Tex. Sup. Ct. J. 582, 2016 Tex. LEXIS 236 at *5 (Tex. April 1, 2016) (per curium).

summary judgment, burden then shifts to non-movant to disprove or raise a fact issue as to at least one of those elements).  Rule 166a requires that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Additionally, regarding expert opinion the Supreme Court has held:

"Bare, baseless opinions will not support a judgment even if there is no objection to their admission into evidence, and we have often held that such conclusory testimony cannot support a judgment. A conclusory statement of an expert witness is insufficient to create a question of fact to defeat summary judgment.  Further, a claim will not stand or fall on the *ipse dixit* of a credentialed witness.  Expert testimony fails if there is too great an analytical gap between the data and the opinion proffered."[9]

Here, to be entitled to summary judgment for the $25,000.00 in liquidated damages which were awarded, Appellee should have been required to offer admissible evidence conclusively proving that the Horse was disabled as set forth in the parties' contract under section 6.3.2 Disability.  That paragraph, however, specifically limits disability to an injury or condition that is "likely to be permanent and not a result of heredity or old age."  (C.R. 33).  The only summary judgment

---

[9] *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013) (internal quotations omitted).  *See also City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009); *Coastal Transp. Co. v. Crown Cent. Petroleum Corp*., 136 S.W.3d 227, 232 (Tex. 2004); *McIntyre v. Ramirez*, 109 S.W.3d 741, 749-50 (Tex. 2003); *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999); *Gammill v. Jack Williams Chevrolet, Inc*., 972 S.W.2d 713, 726 (Tex. 1998).

evidence offered to show that the Horse's disability was permanent and not a result of heredity or old age are two brief sentences in the summary judgment record. The first such sentence is contained in the declaration of Appellee:

> "My veterinarian states that the founder is permanent and is not the result of heredity or old age by way of separate Declaration being filed herewith."

(C.R. 41).

Appellee's statement fails on every front. It is hearsay. It is not based on her personal knowledge. The facts set forth would not be admissible in evidence. It does not affirmatively show that she is competent to testify to the matters asserted. It is conclusory. *See* Tex. R. Civ. P. 166a(c); see also *Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 661 (Tex. 1995).

The second statement is found in the declaration of Dr. Kenton Arnold who also avers in boilerplate manner: "Gabacha's founder was not a result of heredity or old age. Gabacha's laminitic condition is chronic and permanent." (C.R. 73).

This statement is insufficient to support summary judgment. It is a conclusory statement and cannot support a judgment on its own. While Dr. Arnold states that he examined the Horse and that he reviewed veterinary records and radiographs, he provides no explanation of what his examination revealed and why his examination, the records, or the radiographs lead him to the opinion he proffered. There is no supporting data either attached or otherwise expounded

upon that would support the statement that the Horse's "founder was not a result of heredity or old age." Dr. Kenton states that "I have determined that Gabacha had suffered a laminitic episode with 9-12 months prior to November 2013" but he likewise fails to back up this assertion with any factual foundation.[10] (C.R. 73). The factfinder is left with only the *ipse dixit* of Dr. Kenton, but without any substantive foundational data. While an expert is not required to recite every fact relied upon, expert testimony fails when there is too great an analytical gap between the data and the opinion proffered." *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726 (Tex. 1998). Here, the analytical gap was infinite because Dr. Arnold furnished no data in support of his "bare, baseless" opinion. *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013). A number of Texas cases have upheld the proposition that an expert opinion, without reliable supporting data, is conclusory and will not support (or raise a fact issue to defeat) summary judgment.[11]

---

[10] The claim that an "episode" occurred within the curiously specific "9-12 months prior to November 2013" timeframe prior is noteworthy because during those months the Horse was in Appellant's possession. It would be helpful to a fact finder to know why Dr. Arnold believed that the Horse supposedly suffered this episode at that particular time rather than before Appellant took possession of the Horse. Likewise, it would be helpful to a factfinder to know why he believed a specific "laminitic episode" occurred as opposed to the Horse suffering from a chronic or hereditary issue. The absence of supporting data is especially significant in light of Appellant's comment at the summary judgment hearing that the Horse has a colt with a similar condition. (R.R., Vol. 2, p. 31).

[11] *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013) (credentialed personal injury attorney's opinion that a settlement was inadequate lacked "a demonstrable and reasoned basis" and therefore did not raise a fact issue to defeat defendants' motion for summary judgment.); *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) (because there was no factual support

Because neither of the declarations of Appellee or Dr. Arnold constitutes admissible summary judgment evidence, the summary judgment burden should not have shifted to Appellant. Appellant should not have been required to raise a genuine issue of material fact, and summary judgment should not have been granted in favor of Appellee.

IV. <u>Issue Number Four</u>: *The trial court erred in not granting Appellant's motion for continuance of the January 4, 2016 hearing*.

When a trial court allows counsel to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate and prepare for trial. *Villegas v .Carter*, 711 S.W.2d at 626; *Computize, Inc. v. NHS Communs. Group, Inc.*, 992 S.W.2d 608, 613 (Tex. App.—Texarkana, 1999, no pet.). The failure to do so is an abuse of discretion. *Villegas* at 626.

Here, Appellant filed a verified motion for continuance on December 29, 2015. (C.R. 94). Appellant sought to postpone the final hearing which was

---

of expert's opinion in a jury trial, the expert's "naked conclusion" was inadequate to support a judgment); *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004) (the lack of a factual basis for expert's opinion meant that the opinion was a conclusory statement and even unobjected to, could not support a judgment); *McIntyre v. Ramirez*, 109 S.W.3d 741, 749-50 (Tex. 2003) (expert's conclusory statement regarding medical billing practices was properly struck because it was a "legal conclusion with no supporting facts or rationale"); *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999) (personal injury attorney's credentials qualified him to offer and expert opinion, "but he cannot simply say, 'Take my word for it, I know: the settlements were fair and reasonable.'"); *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726 (Tex. 1998) (the court in a seat belt safety case stated that a trial court can exclude expert opinions when there is simply too great an analytical gap between the data and the opinion proffered).

scheduled for January 4, 2016.[12]  The trial court heard Appellant's motion on

January 4, 2016, and in denying the motion stated:

> "Ms. McGalliard, based upon what you have just told me, I have not
> heard you say anything that would lead me to believe that you are
> going to be prejudiced with respect to going forward on this limited
> hearing for attorney fees. Most of what you expressed deals with the
> merits of the underlying case. We're not going to handle anything
> today that deals with the so-called merits of the underlying case. This
> is a damage issue related to attorney fees. There's nothing that will
> happen today that will change my previous ruling. Why don't we go
> forward and simply wrap up the entire case, and then you and your
> attorney will be afforded the opportunity to contest the underlying
> case on the merits."

(R.R., Vol. 3, p. 8).

However, Appellant's motion states that Appellant "needs a continuance for

additional time to retain a lawyer. The earliest appointment she was able to get was

January 6, 2016."  (C.R. 94).  Furthermore, Appellant's first statement to the trial

court regarding the continuance was:

> "I'd like to continue this matter until I can get another attorney. We
> have an appointment on the 6th at 1:00 p.m. to have another attorney
> look over my case."

(R.R., Vol. 3, p. 5).

---

[12] Appellant's motion was filed less than three weeks after Mr. Gus' withdraw was granted.  It should be noted that these three weeks spanned a good portion of the holiday season making the task of finding a new attorney on short notice even more challenging.

Similar to Appellant's issue number one, she contends that the trial court failed to afford her adequate time to retain an attorney and effectively denied her the right to counsel without good cause.[13]

---

[13] Lest the award of attorney's fees be mistaken for a mere procedural matter to "wrap up" the conclusion of a case, it should be noted that the amount of trial level attorney's fees and pre-judgment interest awarded by the court on January 4, 2016 actually exceeded the liquidated damages claim awarded on December 15, 2015. (C.R. 93, 98).

## PRAYER

For these reasons, Appellant Sherry McGalliard requests that this Court reverse the judgment of the trial court.

Respectfully submitted,

_____
Justin H. Anderson
State Bar No. 24066563
Law Office of Justin H. Anderson
100 N. Sixth Street, Suite 902
Waco, Texas 76701
(254) 644-1004 (telephone)
(254) 754-4824 (facsimile)
justin@jhafirm.com
*Attorney for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Appellant's Brief has been served on all parties on this 6th day of July, 2016 in accordance with the Texas Rules of Appellate Procedure.

Amy Ganci
3811 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
*Via E-Service at aganci@gancilaw.com*

_____
Justin H. Anderson

## CERTIFICATE OF COMPLIANCE
### WITH APPELLATE RULE 9.4(i)

I certify that this document contains 5,127 words as indicated by the word-count function of the computer program used to prepare it, excluding the caption, identity of the parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certification of compliance, and appendix, as provided by Rule 9.4(i).

_____
Justin H. Anderson
*Attorney for Appellant*