COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ROSSANA THOMPSON, | | No. 08-10-00279-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 109th District Court |
| | § | |
| JAMES L. THOMPSON, | | of Crane County, Texas |
| | § | |
| Appellee. | § | (TC # 5970) |

## **O P I N I O N**

Rossana Thompson appeals from a final decree of divorce and the subsequent denial of her motion for new trial. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

James L. Thompson filed an original petition for divorce on November 2, 2009. On December 31, Rossana filed her original answer as well as a motion for temporary orders. On January 21, 2010, she filed an amended answer and a counter petition for divorce. The trial court set a final hearing date for February 4, 2010. But the court did not hold a final hearing on February 4. Instead, over the next few months, the trial court granted several continuances at Rossana's request. The first was filed on February 2, 2010 and requested a continuance because counsel had a setting in federal court. The trial court granted the motion and the case was reset for February 18. For reasons not apparent from the record, no hearing was held on February 18. There was an order filed on March 16 setting a final hearing for March 18. Also on March 16, Rossana asked that the March 18 hearing address only temporary orders because James had failed to respond to discovery requests. On March 17, Rossana filed a motion to compel

discovery. The trial court granted the motion to compel and the final hearing was once again continued. On April 26, James filed a certificate of written discovery. On May 6, the trial court set the final hearing for June 24.

On May 26, Rossana's attorney, Luis Chavez, filed a motion to withdraw as counsel, alleging that he believed there had been a break down in the attorney-client relationship which could not be reconciled due to a disagreement on the method of prosecution of the case. That motion was not set for hearing. Rossana filed another motion for continuance on June 16, seeking to put off the June 24 trial date. The record does not contain a written order granting the motion, but on July 8, the court ordered mediation to be conducted no later than the scheduled trial date of July 22. Rossana failed to appear for mediation on July 12 and Chavez filed yet another motion for continuance with regard to the July 22 trial date. James' attorney objected to the continuance and on July 15, he filed a motion for sanctions, alleging that Rossana had failed to produce discovery, failed to comply with court-ordered mediation, failed to provide a sworn inventory and appraisement, and failed to litigate in good faith. The trial court granted Chavez's motion to withdraw on July 16.

On July 22, six days after granting Chavez's motion to withdraw, the trial court proceeded with a final hearing. Rossana requested time to find another attorney. The court recognized this as an oral request for continuance.

On appeal, Rossana complains that the trial court abused its discretion by granting her attorney the right to withdraw days before the hearing when the motion did not comply with the requirements under Rule 10, and by denying her oral motion for continuance and requiring her to proceed without an attorney.

### MOTION FOR WITHDRAWAL OF COUNSEL

2

We review a trial court's ruling on a motion to withdraw for an abuse of discretion. *See Gillie v. Boulas*, 65 S.W.3d 219, 221 (Tex.App.--Dallas 2002, pet. denied)(holding trial court abuses its discretion when it grants motion to withdraw that does not comply with requirements of Rule 10). Under Rule 10 of the Texas Rules of Civil Procedure, an attorney may only withdraw from representing a party upon written motion, "for good cause shown." *See* TEX.R.CIV.P. 10. The rule does not define good cause, but courts view the Texas Disciplinary Rules of Professional Conduct as guidelines articulating considerations relevant to a "good cause" determination supporting a Rule 10 motion to withdraw. *See In re Posadas USA, Inc.*, 100 S.W.3d 254, 257 (Tex.App.--San Antonio 2001, no pet.). If another attorney is not to be substituted as attorney of record for the party, then the motion shall state:

(1) a copy of the motion to withdraw has been delivered to the party;

(2) the party has been notified in writing of their right to object to the motion;

(3) whether or not the party consents to the motion;

(4) the party's last known address; and

(5) all pending settings and deadlines for the case.

*See* TEX.R.CIV.P. 10. Chavez's motion did not comply with the rule other than to demonstrate good cause.

Rossana directs us to *Integrated Semiconductor Services Inc. v. Agilent Technologies, Inc.*, 346 S.W.3d 668 (Tex.App.--El Paso 2009, no pet.) for the proposition that a court abuses its discretion by granting a motion to withdraw that fails to satisfy the requirements of Rule 10. *Id.* at 671. To this extent, we sustain Issue One. Nevertheless, such error may be harmless if the court allows the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. *Walton v. Cannon, Short & Gaston*, 23 S.W.3d 143, 148 (Tex.App.--

3

El Paso 2000, no pet.). It is not harmless, however, when the court grants a motion to withdraw two days before trial and then denies a motion for a continuance. *Villegas v. Carter*, 711 S.W.2d 624, 626-27 (Tex. 1986). When the ground for the continuance is the withdrawal of counsel, a movant must show that the failure to be represented at trial was not due to her own fault or negligence. *Id.* at 626.

## DENIAL OF MOTION FOR CONTINUANCE

We must now determine whether the denial of Rossana's motion for continuance was error. She complains that Chavez was allowed to withdraw a mere six days before trial. James counters that the motion to withdraw had been pending for fifty days. We would find this argument persuasive if the record confirmed that Rossana *knew* the motion had been filed. That is precisely the purpose of Rule 10--to give the client notice and allow her to object. Instead, the gravamen of our analysis is whether Rossana established that her failure to be represented at trial was not due to her own fault of negligence.

In *Villegas*, the trial court allowed an attorney to withdraw only two days before trial. 711 S.W.2d at 625. Villegas appeared *pro se* at the trial and requested a continuance to obtain counsel. He explained that he had learned of the motion to withdraw only six days earlier, he wanted to hire a particular lawyer, the lawyer would determine whether to take the case after examining the file, and Villegas' former attorney had not yet turned over the file or returned telephone calls. The trial court denied the motion and this court affirmed. The Supreme Court reversed, holding that the denial of the continuance constituted an abuse of discretion because Villegas was not negligent or otherwise at fault in causing his attorney's withdrawal. The court granted the motion to withdraw within too short a time frame for Villegas to find a new attorney and for that new attorney to investigate the case and prepare for trial. Moreover, Villegas could

not obtain a new attorney because his former counsel refused to turn over the files. In short, Villegas' former attorney did not take reasonable steps to avoid foreseeable prejudice to the client. Simply stated, the trial court should either have denied the motion to withdraw or granted the motion for continuance. *Id.* at 626-27. It did neither. *Id.*

This case is wholly distinguishable, but the most significant factor is this. Chavez filed his motion alleging a breakdown in the attorney-client relationship, yet he continued trying to work on his client's behalf. It appears from the record that the final straw was Rossana's failure to appear for mediation which, by the way, was ordered at her request. At trial, James' attorney recounted a litany of Rossana's misdeeds:

> Mrs. Thompson has failed to comply with discovery. She failed to attend mediation. She's failed to provide a sworn inventory. And I believe she's failed to provide a monthly expense and income. Irregardless, we're still ready to go.

A review of the record also indicates that while James filed a sworn inventory, a proposed division of property, and a proposed parenting plan, Rossana filed none. It also appears that Chavez was her second attorney, that a third attorney filed a motion for new trial on her behalf, and that a fourth attorney has prosecuted this appeal. Because we cannot conclude that the denial of the motion for continuance was error, we overrule Issue Two and affirm the judgment of the trial court below.

March 7, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

5