**Reversed and Remanded and Opinion filed February 25, 2020.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-18-00623-CV

### AMY CADDELL, Appellant

### V.

### JEFFREY CADDELL, Appellee

**On Appeal from the 423rd District Court
Bastrop County, Texas
Trial Court Cause No. 423-4598**

## O P I N I O N

Appellant Amy Caddell appeals the trial court's final order and decree of divorce. In a single issue, she contends the trial court abused its discretion by permitting her counsel to withdraw on the day of trial without a showing of good cause and then denying her motion for continuance. Finding harmful error, we reverse and remand.[1]

---

[1] The Supreme Court of Texas ordered this case transferred to the Fourteenth Court of Appeals from the Third Court of Appeals. In transfer cases, the transferee court must decide the appeal in

## I. BACKGROUND

Six days before the trial in this divorce proceeding, Amy's[2] trial counsel filed a motion to withdraw, stating that his communication with appellant had "deteriorated to the point that [Amy's] interest would be served if she found alternate counsel." Amy's counsel set the hearing on the motion to withdraw for the same time as the trial.

On the date the case was set for trial, both parties and their counsel appeared before the trial court. The trial court took up the motion to withdraw first. Amy's counsel admitted that he was not prepared to go to trial. He told the court he had had minimal contact with his client (Amy) and said he did not know whether she was ready to go forward. When the trial court asked if Amy had any "legal objections" to her counsel's motion to withdraw, Amy, a non-lawyer who professed no training in law or "legal objections," said she did not know. But Amy made clear her objection to going to trial without a lawyer.

The trial court granted the motion to withdraw and excused Amy's counsel from the courtroom, leaving Amy with no counsel to represent her at the trial set to commence that morning. The trial court then asked Amy whether she was ready to proceed with the trial. Amy said she was not. She pointed out there was no way she could "properly do it" herself and told the court she needed counsel. Amy objected to being put to trial without a lawyer, and she explained why she needed one. Amy told the court she was not a lawyer and if forced to proceed to trial without one, she would not know what to say or do. Amy told the trial court she

---

accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

[2] We refer to the parties by their first names because they have the same surname.

had evidence and asked the trial court to give her "enough time to get the proper counsel to be able to prove what's going on." The trial court refused.

In denying Amy's motion for continuance, the trial court stated that it had postponed and continued the case on other occasions due to bankruptcy filings and new attorneys. The trial court noted that it had allowed Amy's prior attorneys to withdraw on other occasions. The trial court then proceeded with trial even though Amy wanted, but did not have, a lawyer.

During the trial at which Amy went unrepresented by counsel, appellee Jeffrey Caddell testified about the value and current condition of the marital residence. Neither party proffered as evidence the deed to the marital residence.[3] Neither party offered testimony about when the marital residence was purchased, how it was purchased, or by whom it was purchased. Jeffrey testified about the value of other assets of the marital estate. Jeffrey stated that Amy had sold two cars and a trailer for Amy's personal benefit. The trial court issued a divorce decree awarding the marital residence to Jeffrey. The decree contains a clause for "Future Assets," which provides "that any asset not otherwise awarded or disposed of by this Decree is awarded to the party then found to be in possession or over which such party has sole management and control." At the trial Amy did not get the relief she had requested in her pleadings.

---

[3] Appellant provides a copy of the deed in her reply brief. Because it is outside of the record, we cannot consider it on appeal. *See* Tex. R. App. P. 34.1; *Nogle & Black Aviation, Inc. v. Faveretto*, 290 S.W.3d 277, 286 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

## II.    ISSUES AND ANALYSIS

On appeal, Amy challenges in one issue both the trial court's granting of her counsel's motion to withdraw and the trial court's denial of Amy's request for a continuance.

### Motion to Withdraw

A trial court abuses its discretion in granting a motion to withdraw if counsel fails to comply with the rules. *Thompson v. Thompson*, 387 S.W.3d 769, 770–72 (Tex. App.—El Paso 2012, no pet.) (holding trial court abused discretion by granting motion to withdraw that did not comply with the rules). Guiding rules and principles say that before allowing an attorney to withdraw from representation, the court must see that the attorney has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including (1) giving due notice to the client, (2) allowing time for employment of other counsel, and (3) delivering to the client all papers and property to which the client is entitled. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). The trial court failed to do so. Amy's trial counsel did not show or even allege that he had taken reasonable steps to avoid foreseeable prejudice to Amy by giving due notice to her or giving her time to retain other counsel before seeking permission from the trial court to withdraw from the representation. No evidence shows Amy's counsel delivered to his client all papers and property to which she was entitled. Nor does the record show that Amy's counsel took any other measures to mitigate the prejudice his client might suffer as a result of his withdrawal of representation. On top of these failures, Amy's counsel waited until the very last minute — the morning of the trial date — to present the motion to withdraw.

In sum, Amy's counsel failed to make the requisite showing to warrant the granting of his motion to withdraw and he brought it at the most critical point in

the case. Still, the trial court let Amy's counsel withdraw from the representation. In doing so, the trial court effectively denied Amy the time, notice, and other protections the law affords to clients when their attorneys withdraw from representation during litigation. Under the facts of this case, we conclude the trial court abused its discretion in allowing Amy's counsel to withdraw, leaving Amy unrepresented at trial.

## Denial of Motion for Continuance

Having determined that the trial court abused its discretion in granting the motion to withdraw, we now consider whether the trial court abused its discretion in denying Amy's motion for continuance. Generally, when a movant fails to file a written motion for continuance supported by affidavit, we presume the trial court did not abuse its discretion. *Villegas*, 711 S.W.2d at 626; *see* Tex. R. Civ. P. 251. But, we do not apply this presumption to a lay movant who, without fault, has suffered the withdrawal of counsel. *Villegas*, 711 S.W.2d at 626. When the ground for the continuance is the withdrawal of counsel, the movant must show that the failure to be represented at trial was not due to the movant's fault or negligence. *Id*. Amy cannot prevail unless the denial of the continuance probably caused the rendition of an improper judgment or probably prevented her from properly presenting her case on appeal. Tex. R. App. P. 44.1(a); *Delgado v. Tex. Workers' Comp. Ins. Fund*, No. 03-03-00621-CV, 2006 WL 663903, at *3 (Tex. App.—Austin Mar. 17, 2006, no pet.) (mem. op.) (stating that "even if the court erred by allowing the attorney to withdraw, we may only reverse the judgment if the error probably caused the rendition of an improper judgment or probably prevented [client] from properly presenting her case on appeal."). In assessing both error and harm we focus on the particular facts of the case.

In exercising its discretion over whether to grant or deny a continuance due to withdrawal of counsel, a trial court may consider the entire procedural history of the case. *In re Marriage of Harrison*, 557 S.W.3d 99, 115 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). In refusing to give Amy a continuance to secure new counsel, the trial court pointed to earlier points in the litigation—prior delays due to withdrawals of Amy's prior counsel and bankruptcy filings. But these events provide no legal justification for the trial court's dual trial-day decisions (1) to let Amy's lawyer withdraw notwithstanding the lawyer's failure to show he had taken the requisite steps to protect the client's interests and (2) to deny the continuance and at once force Amy to trial with no lawyer. Timing and context matter. A trial court does not act within its discretion in taking these actions if earlier in the case other attorneys also had withdrawn from representing the client or the client had filed bankruptcy.

Jeffrey argues Amy did not show that her failure to be represented by counsel was not due to her own fault or negligence. Jeffrey asserts that Amy's failure to have counsel stemmed from her lack of money or from her being in legal custody. The record shows that Amy did not have counsel because the trial court let her counsel withdraw even though counsel failed to meet a single requirement for doing so. Had the trial court insisted on the requisite showing before allowing counsel to withdraw, Amy would not have been without representation at trial. Amy did not choose to become unrepresented on the day of trial; the trial court chose to let Amy's lawyer withdraw even though the lawyer failed to make the requisite showing, leaving Amy without legal representation at a crucial time — a point at which Amy stood at risk of foreseeable prejudice. Having done so, the trial court should have given Amy a reasonable amount of time to secure new

6

counsel. *See Jackson v. Jackson*, 556 S.W.3d 461, 471 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Amy's "failure to have counsel" did not result either from a lack of money or from Amy's being in legal custody. Amy had counsel on the day of trial until the trial court erroneously permitted Amy's counsel to withdraw. Amy's counsel could not have withdrawn but for the trial court's overlooking of counsel's failure to meet the criteria designed to protect the client from the very harm Amy suffered by her lawyer's last-minute withdrawal of representation. *See id*. The causal link in not having a lawyer on the day of trial lies not in Amy's earlier bankruptcy filing, prior counsel's withdrawal, her lack of money, or her incarceration but in the trial court's decision to let Amy's counsel withdraw despite counsel's failure to do what the law prescribes, an error compounded by the trial court's decision to put Amy to trial without any chance to secure new counsel. The trial court acted outside of guiding rules and principles in refusing to grant Amy a continuance to secure new counsel. *See id*. Without counsel and without a continuance to secure new counsel, Amy went to trial unrepresented and unprepared. Amy suffered an adverse judgment. We conclude the trial court reversibly erred in denying Amy's request for a continuance. *See id*.

### III. CONCLUSION

Amy's counsel failed to make the requisite showing to warrant the granting of his motion to withdraw on the day of trial. The trial court granted the motion anyway, leaving Amy without counsel. Had the trial court instead refused to allow counsel to withdraw, the trial court would have been acting within its discretion to deny Amy a continuance. But, having allowed Amy's counsel to walk away on the day of trial even though counsel failed to show he had done what the law requires to protect his client from prejudice, the trial court abused its discretion in refusing

to grant Amy a continuance to secure new counsel. Based on these double errors, we sustain Amy's sole issue, reverse the trial court's judgment, and remand this case to the trial court for further proceedings consistent with this opinion.


/s/ Kem Thompson Frost
   Chief Justice

Panel consists of Chief Justice Frost and Justices Wise and Hassan.