

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00047-CV

BRENDA SIMMONS MCGOWEN AND EVELYN SIMMONS WOODFORK, Appellants

V.

VANDERBILT MORTGAGE & FINANCE, INC., Appellee

On Appeal from the 278th District Court
Walker County, Texas
Trial Court No. 2029747

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Vanderbilt Mortgage and Finance, Inc., filed suit[1] against Brenda Simmons McGowen,[2] Evelyn Simmons Woodfork, and the unknown heirs of Georgia Lee Riles, deceased (collectively Appellants), seeking to validate its asserted lien rights against certain real property (the Property) owned by Woodfork. Specifically, two prior deeds in the chain of title contained a scrivener's error in the Property's legal description.[3] Vanderbilt filed a second amended motion for summary judgment, asking the trial court to grant its requested relief and to enter judgment in its favor as a matter of law. The trial court granted Vanderbilt's second amended motion.

In this appeal, Appellants maintain that the trial court erred (1) when it did not rule on Woodfork's second amended motion to dismiss,[4] (2) when it granted Appellants' attorney's motion to withdraw without sua sponte granting their motion for continuance, (3) when it granted Vanderbilt's second amended motion for summary judgment because the summary judgment evidence established that Vanderbilt's request for reformation of the deed was barred by a four-year statute of limitations, and (4) when it denied Appellants' motion for

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Vanderbilt's amended motion for partial summary judgment stated, "Vanderbilt does not seek relief against Defendant Brenda Simmons McGowen, but reserves its right to assert summary judgment against McGowen in the future." Likewise, in its second amended motion for summary judgment, Vanderbilt did not seek relief from McGowen. Yet, the trial court's final judgment in favor of Vanderbilt included both McGowen and Woodfork. Consequently, we will refer to both defendants as Appellants when appropriate. We will refer to Woodfork only when appropriate.

[3]It appears from the record that Appellants conceded that there was a scrivener's error in the deeds.

[4]McGowen did not file a motion to dismiss and did not join in Woodfork's motion.

2

reconsideration. We find that the trial court did not err in failing to rule on Woodfork's second amended motion to dismiss. Even so, because we find that the trial court erred when it granted Appellants' counsel's motion to withdraw and denied Appellants' motion for continuance, we reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.[5]

## I.     Background

In 1955, Eugene Anderson (Anderson) and Leola Goffney inherited from John Anderson approximately 60.62 acres of land. Goffney and Anderson each received title to two roughly equal portions of those 60.62 acres. At the same time, Anderson executed a partition deed in favor of two tracts of land to Goffney (the Anderson Deed), and Goffney executed a partition deed to two tracts of land in favor of Anderson (the Goffney Deed). Each deed identified respective "FIRST" and "SECOND" tracts, totaling four tracts of land conveyed on that day.

At an unknown time, Goffney conveyed the second tract identified in the Anderson Deed to Georgia Lee Riles. That transaction was not recorded in the real property records. In 1996, Riles conveyed, by gift deed (the Gift Deed), 13.26 acres of the second tract identified in the Anderson Deed to Appellants. However, the Gift Deed contained a scrivener's error in the property description. Instead of identifying the property to be conveyed as part of the second tract of the Anderson Deed, it identified the property to be conveyed as the second tract of the Goffney Deed. In 2001, McGowen deeded to Woodfork her interest in the second tract, but the deed also identified the property to be conveyed as the second tract of the Goffney Deed. It is

---

[5]Because our disposition of Appellants' second point of error is dispositive of this appeal, we find it unnecessary to address Appellants' third and fourth points of error.

undisputed that the Gift Deed contained the scrivener's error and that it was also included in McGowen's warranty deed (the Warranty Deed) to Woodfork.[6]

In November 2008, Woodfork borrowed $105,740.43 from Vanderbilt and executed a deed of trust to the property at issue in favor of Vanderbilt. The deed of trust correctly described the two-acre property as part of the second tract identified in the Anderson Deed. In other words, it did not reflect the scrivener's error present in the Gift Deed and the Warranty Deed. According to Woodfork, in 2012, she defaulted on her loan, and Vanderbilt initiated foreclosure proceedings. It was then, Vanderbilt claims, that it discovered the scrivener's error, which inhibited Vanderbilt's exercise of its lien against the Property.

In June 2020, Vanderbilt brought this action seeking a declaratory judgment for reformation of the deeds at issue and to quiet title to the Property. The original petition was served on Woodfork on August 6, 2020. For the majority of the case, Appellants represented themselves pro se. However, on March 9, 2022, Appellants obtained counsel.

Vanderbilt moved for summary judgment on March 24, 2021. Before the summary judgment hearing was to occur, Appellants filed three motions for continuances, which were all granted. Upon granting Appellants' third motion for continuance, the trial court admonished Appellants that there would be no further continuances absent an emergency. The summary judgment hearing was ultimately set for April 25, 2022. Appellants did not file a response to Vanderbilt's motion for summary judgment.

---

[6]On June 1, 2005, McGowen executed an affidavit of heirship that did not reflect the scrivener's error. Instead, it correctly described McGowen's former interest in the "SECOND TRACT" identified in the Anderson Deed and correctly described her conveyance of interest in that tract to Woodfork.

4

On April 22, 2022, three days before the hearing on Vanderbilt's motion for summary judgment, Appellants' counsel filed a motion for continuance, stating, in part, that he intended to withdraw from the case and asking the trial court to continue "all [p]ending [m]otions filed by Plaintiff Vanderbilt." On April 25, 2022, the day of the summary judgment hearing, Appellants' counsel filed his motion to withdraw, which stated that it had "become increasingly clear that counsel and Defendants [could not] work together." On April 26, 2022, the trial court granted Appellants' counsel's motion to withdraw, denied Woodfork's fourth motion for continuance, and granted summary judgment in favor of Vanderbilt. On May 11, 2022, Appellants filed a "motion for reconsideration, to vacate, reinstate, and for new trial," which the trial court denied. This appeal followed.

## II.    Discussion

### A.    Woodfork Waived Her Complaint Regarding the Trial Court's Failure to Rule on Her Second Amended Motion to Dismiss

In her first point of error, Woodfork contends that the trial court erred when it did not rule on what she refers to as her December 17, 2020, second amended motion to dismiss.[7] In it, Woodfork argued that the case against her should have been dismissed because Vanderbilt's deed-reformation claim was barred by the statute of limitations.

Under Rule 91a of the Texas Rules of Civil Procedure,[8] with certain exceptions that are not applicable here, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the

---

[7]McGowen did not file a motion to dismiss and did not join in Woodfork's motion.

[8]From a review of Woodfork's motion requesting dismissal of Vanderbilt's petition, it appears, although she did not specifically state, that she filed her motion pursuant to Rule 91a.

allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A motion to dismiss based on a cause of action's baselessness in law is properly filed if it (1) states that it is made pursuant to Rule 91a, (2) identifies each cause of action addressed, and (3) specifically states the merits of the motion. Such a motion must be filed within sixty days after the movant is served with the causes of action that the movant wishes to dismiss. TEX. R. CIV. P. 91a.3. "[This] deadline[] show[s] that Rule 91a is intended to be asserted and determined soon after the filing of the case and before the opportunity for thorough discovery." *In re Butt*, 495 S.W.3d 455, 463 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding). "We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Smale v. Williams*, 590 S.W.3d 633, 636 (Tex. App.—Texarkana 2019, no pet.) (citing *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)).

On August 6, 2020, Vanderbilt served Woodfork via substituted service with its original petition, seeking a declaratory judgment in its favor on its claim for reformation of the deeds at issue and to quiet title. Woodfork filed what we will assume to be her initial motion to dismiss on November 13, 2020,[9] around ninety-nine days after she was served with Vanderbilt's original petition.[10] Her second amended motion was not filed until December 17, 2020, around 133 days

---

[9]The document was entitled "RE: REQUEST FOR DISMISSAL OF LAWSUIT(S) and ALL MOTIONS FILED BY VANDERBILT MORTGAGE and FINANCE, INC. . . . due to the STATUTE OF LIMITATIONS HAS EXPIRED for the CLAIM for REFORMATION OF A DEED."

[10]In an effort to show that she filed her motion to dismiss in a timely manner, Woodfork states in her appellate brief that, "[o]n November 13, 2020, Appellant Woodfork filed an opposition to Appellee's Motion for Default Judgment,

6

after she was served with the petition. Neither of Woodfork's motions to dismiss were filed within sixty days of service and, therefore, were untimely.

Regardless, to preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Furthermore, "the trial court [must have] ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Here, there is nothing in the record to show that Woodfork brought to the trial court's attention its failure to rule on any of her purported motions to dismiss. As a result, she did not preserve this point of error for our review.

We overrule Woodfork's first point of error.[11]

---

reminding the trial court and Appellee that she filed an answer that included a motion to dismiss with the court on August 24, 2020 ('Answer and Motion to Dismiss')." Contrary to Woodfork's claim, the August 24 document she refers to is entitled "Defendant's Original Answer." In the body of that document, Woodfork stated that she "generally denie[d] the allegations in Plaintiff's original petition, and put[] Plaintiff to his [sic] proof." She then added, "Defendant would show the Court that Plaintiff's pleadings are vague and confusing to the extent that a cause of action is not discernable and therefore, all such pleadings should be dismissed."

Even assuming that Woodfork's August 24 original answer was, in fact, a motion to dismiss, it was inadequate because (1) it did not state that it had been filed pursuant to Rule 91a, (2) it did not identify the cause of action of which she was complaining, and (3) she did not adequately state the merits of the motion. *See* TEX. R. CIV. P. 91a.

[11]Even if Woodfork's second amended motion to dismiss had been timely filed, it was defective in the same manner as were her other purported motions. First, she failed to state that her second amended motion to dismiss was made pursuant to Rule 91a. She also failed to provide an adequate basis as to why her motion should be granted. Although Woodfork stated that she sought to dismiss Vanderbilt's petition based on an expired statute of limitations, she did not provide the trial court with any substantive analysis in support of her argument. *See Smale*, 590 S.W.3d at 639.

**B.	The Trial Court Erred When it Granted Appellants' Counsel's Motion to Withdraw and Denied Appellants' Motion for Continuance**

In their second point of error, Appellants contend that the trial court abused its discretion when it (1) granted their attorney's motion to withdraw and (2) denied their fourth motion for continuance.  We agree.

**(1)	The Trial Court Erred When it Granted Appellants' Attorney's Motion to Withdraw**

"A trial court abuses its discretion if it grants a motion to withdraw that does not satisfy the requirements of Rule 10" of the Texas Rules of Civil Procedure.  *Jackson v. Jackson*, 556 S.W.3d 461, 468 (Tex. App—Houston [1st Dist.] 2018, no pet.).  Under Rule 10, "[a]n attorney may withdraw from representing a party only upon written motion" showing good cause.  TEX. R. CIV. P. 10.  When an attorney is not substituted, the motion must state (1) "that a copy of the motion [w]as delivered to the [client]," (2) "that the [client was] notified in writing of [its] right to object," (3) whether the client has consented, (4) "the [client's] last known address," and (5) "all pending settings and deadlines."  TEX. R. CIV. P. 10.

Further, the Texas Disciplinary Rules of Professional Conduct set forth factors that a trial court should weigh in determining an attorney's "good cause" to withdraw from a case:

[A] lawyer shall not withdraw from representing a client unless:

(1)	withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)	the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent;

(3)	the client has used the lawyer's services to perpetrate a crime or fraud;

8

(4)　　a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement;

(5)　　the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)　　the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)　　other good cause for withdrawal exists.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.15(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A.  Comment nine to Rule 1.15 of the Texas Disciplinary Rules of Professional Conduct also states that, "[i]n every instance of withdrawal and even if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client."  TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.15(b) cmt. 9. Furthermore, a trial court abuses its discretion when it fails to "see that the attorney has complied with the Code of Professional Responsibility."  *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

When a motion to withdraw is not accompanied by a "good cause" basis to withdraw and results in a "foreseeable adverse effect" on the client, the trial court should deny the motion. *Jackson*, 556 S.W.3d at 470 (citing *Villegas*, 711 S.W.2d at 626).  In *Jackson*, the Houston First Court of Appeals held that the trial court erred in granting defense counsel's withdrawal. *Jackson*, 556 S.W.3d 461.  In that case, trial was set to begin on a Monday.  *Id.* at 463.  On Sunday, the defendant and her attorney prepared for trial.  *Id.* at 469.  On the morning of trial, the defendant's attorney filed a motion to withdraw, stating that there was good cause to grant the

9

motion because counsel "was 'unable to effectively communicate with MONICA F. JACKSON in a manner consistent with good attorney-client relations' and because '[s]ignificant conflicts ha[d] arisen as to how the case [was] to be presented and what issues to raise to this Judge, to the point where the undersigned counsel [could not] proceed.'" *Id.* Counsel also indicated that he could not resolve the differences. *Id.* at 463. The motion noted the defendant's last known address in addition to a recitation of pending settings and deadlines, while stating that the defendant had been notified and could contest the withdrawal. *Id.* at 463–64. The motion included no further recitation of the basis for withdrawal. *Id.* at 464. A hearing on the motion was conducted the morning of the trial, during which the defendant's attorney attempted to explain that there was an undisclosable issue between herself and the defendant. *Id.*

The trial court granted the motion to withdraw and immediately proceeded to trial. *Id.* at 466. The defendant ultimately lost the suit at trial. *Id.* The appellate court reasoned that the trial court abused its discretion by granting counsel's motion to withdraw because the motion did not sufficiently state the basis for withdrawal, and the trial court made no effort to ascertain a "good cause" basis for withdrawal. *Id.* at 471. The motion to withdraw was further defective, the appellate court reasoned, because the motion did not take into account "foreseeable material adverse effects of self-representation," seek a continuance on the defendant's behalf, or state whether the defendant consented to the withdrawal. *Id.*

*Jackson* is instructive in this case. First, Appellants' counsel notified Appellants of his intent to withdraw three days before the summary judgment hearing. Although counsel filed a motion for continuance the same day, it was not properly verified. Additionally, at the time,

10

Appellants' counsel had failed to file a response to Vanderbilt's second amended motion for summary judgment, despite the fact that a ruling on Vanderbilt's summary judgment motion was imminent. But the motion for continuance did not request additional time to file a response. Counsel then filed his motion to withdraw on the day of the summary judgment proceeding, noting in the motion, "Whether [Appellants] consent is unknown."[12] Based on these facts, we find that Appellants' counsel did not take reasonable steps to mitigate the negative consequences to his clients due to his withdrawal.

Second, Appellants were not given any time in which to find substitute counsel, further increasing the adverse effect from their counsel's withdrawal. Third, Appellants' counsel failed to provide any basis for withdrawal beyond a simple statement that "counsel and Defendants [could not] work together." Fourth, Appellants ultimately lost their case pursuant to the trial court's entry of summary judgment in favor of Vanderbilt. Lastly, as in *Jackson*, the trial court made an insufficient inquiry into whether defense counsel complied with the Code of Professional Responsibility. Here, there is no record of the hearing on the motion to withdraw, the motion for continuance, or the motion for summary judgment. Thus, there is no record that the trial court made any inquiry into whether defense counsel complied with the code.

For these reasons, we find that the trial court erred when it granted counsel's motion to withdraw.

---

[12]Counsel's April 25, 2022, motion to withdraw stated, "A copy of this motion has been delivered to Defendants. They have been advised of their right to object to counsel's withdrawal. Whether they consent is unknown. Defendants have been advised of the Court's oral ruling at the April 25, 2022, summary judgment." The trial court noted at the hearing on the motion to reconsider that Appellant's counsel withdrew "kind of at the last minute." So, it appears the motion to withdraw was made orally before the summary judgment hearing, and then the written motion was filed after the fact. The written motion was filed on April 25 at 4:04 p.m., and the trial court's order was entered April 26, 2022.

11

**B. The Trial Court Erred When it Denied Appellants' Request for a Continuance**

A trial court has the sound discretion to deny or grant a motion for continuance. *In re A.D.A.*, 287 S.W.3d 382, 387 (Tex. App.—Texarkana 2009, no pet.) (citing *Villegas*, 711 S.W.2d at 626). Furthermore, a trial court has the authority "to continue a case sua sponte," and such decision "rests within the discretion of the trial court." *Dell Dev. Corp. v. Best Indus. Unif. Supply Co.*, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied). Relevant to this case, a trial court "must give [a] party time to secure new counsel and time for the new counsel to investigate the case" if the trial court grants counsel's voluntary withdrawal. *Villegas*, 711 S.W.2d at 626.

However, if the cumulative effect of a defendant's actions demonstrates fault for her attorney's withdrawal, she is not entitled to a continuance on the basis of her attorney's withdrawal. *Sims v. Sims*, 623 S.W.3d 47, 60 (Tex. App.—El Paso 2021, pet. denied). In *Sims*, the client moved for a continuance based on his attorney's withdrawal. The trial court denied the request for a continuance, finding that the client had been at fault for the attorney's withdrawal. *Id.* (citing *Thompson v. Thompson*, 387 S.W.3d 769 (Tex. App.—El Paso 2012, no pet.)).[13] The *Sims* court denied the client's request for a continuance, finding that her behavior during the course of the litigation was the determining factor, that is, she failed to appear for mediation and

---

[13]In *Thompson*, Thompson failed to cooperate with her attorneys, which included, among other things, her failure to file a sworn inventory and failure to appear for mediation proceedings. *Thompson*, 387 S.W.3d at 772. As was the case in *Sims*, Thompson had been granted multiple continuances prior to the subject motion being denied. *Id.* Thompson had gone through four attorneys during the pendency of the case. *Id.* Based on those findings, the court held that the cumulative effect of Thompson's actions during the litigation showed the likelihood that her lack of counsel was the result of some negligence or fault of her own. *Id.* Thompson also failed to show that her lack of counsel was not the result of her own fault or negligence. *Id.*

12

other proceedings, failed to comply with discovery, was granted multiple continuances, and "went through" four attorneys—each one citing an "inability to communicate effectively." *Id.* at 59. The client did not put forth any evidence rebutting the proposition that she was at fault for the attorney's lack of representation. *Id.* The court reasoned that, taken singularly, the client's actions were not necessarily faulty or negligent, but "[t]he cumulative effect of [her] actions . . . demonstrated the likelihood that her lack of counsel was the result of some fault or negligence on [her] part." *Id.*

Here, the trial court had already granted Appellants three continuances of the summary judgment hearing[14] and had admonished them that "no further continuances [would be granted] absent [an] emergency situation." Woodfork also failed to appear for a deposition, and there is no indication that she engaged in the written discovery process.[15] But Appellants' actions do not amount to a finding that they were negligent or at fault for the difficulties in hiring and keeping trial counsel.

Vanderbilt filed its original petition on June 19, 2020. The record shows that initially Appellants attempted to represent themselves by filing multiple pleadings and a variety of other documents. The record also shows that, at the latest, Vanderbilt attempted to hire counsel in August or September 2021. At that time, Woodfork "contacted the Earl Carl Legal Institute for Legal and Social Policy, Inc., for assistance regarding filing of a Motion for Summary Judgment associated with the reformation of Deeds." In a letter dated September 1, 2021, the institute

---

[14]In their motions for continuance of the summary judgment hearing, Appellants asked for additional time to hire a lawyer. However, in two of their motions for continuance, Appellants attached documentation in support of their assertions regarding health issues.

[15]However, Appellant McGowen responded to Vanderbilt's requests for admissions.

13

informed Woodfork that it had "reviewed the information [she] provided and . . . concluded that [it would] be unable to assist [her] in th[e] matter because the matter occurred outside of [its] jurisdiction." In January 2022, Woodfork sought the assistance of counsel, only to learn that counsel would agree to represent her for an upfront flat fee of $2,300.00 and $575.00 per hour thereafter. Although Appellants could have been more diligent in their search for an attorney, Woodfork did make attempts even though they resulted in either refusals or what appears to be unmanageable hourly fee rates.

On March 9, 2022, Rob L. Wiley entered his appearance as Appellants' counsel. The hearing on Vanderbilt's second amended motion for summary judgment was set for April 25, 2022. There is nothing in the record to show that during this relatively short time period the Appellants were negligent or at fault in causing their attorney's withdrawal. *See Villegas*, 711 S.W.2d at 626.

Still, Vanderbilt points out that Appellants' fourth motion for continuance was improperly filed because they did not attach a verified affidavit to their motion. For that procedural reason, Vanderbilt maintains that the trial court did not err when it denied Appellants' fourth motion for continuance.

Rule 251 of the Texas Rules of Civil Procedure states that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251; *In re J.M.*, 603 S.W.3d 163, 168 n.6 (Tex. App.—Texarkana 2020, no pet.). It is presumed that a trial court does not abuse its discretion by denying a motion for continuance if the motion is not supported by verified affidavit. *Villegas*,

711 S.W.2d at 626. Even so, the Texas Supreme Court has held that "[i]t would be unrealistic, however, to apply this presumption to lay movants who without fault have their attorney withdrawn." *Id.* (citing *Robinson v. Risinger*, 548 S.W.2d 762, 765 (Tex. App—Tyler 1977, writ ref'd n.r.e.)). Furthermore, a trial court has almost complete authority over its docket, including the speed in which the docket moves. It therefore has the discretion to continue a hearing or a case sua sponte. *Dell*, 743 S.W.2d at 303.

The record in this case fails to demonstrate any fault on the Appellants' part that caused Appellants' counsel to withdraw. Furthermore, as noted above, the motion to withdraw failed to sufficiently state the basis for withdrawal, and the record fails to show that the trial court made an effort to ascertain a "good cause" basis for withdrawal. Even if Appellants had failed to file a fourth motion for continuance, the trial court could have, and should have, continued the hearing on Vanderbilt's second amended motion for summary judgment to give Appellants additional time to find another attorney following the abrupt withdrawal of their current counsel. Failing to do so resulted in obvious harm to Appellants.

Accordingly, we sustain Appellants' second point of error.

## III. Conclusion

We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

Scott E. Stevens
Chief Justice

Date Submitted: May 5, 2023
Date Decided: July 31, 2023